GULOTTA, Judge
(concurring in part; dissenting in part).
I concur with that part of the majority opinion relating to the question of liability. However, I disagree with the majority in its determination that the amount of the award to Theodore Browder for general damages was not inadequate. I am of the opinion that the amount should have been substantially increased.
The record reflects the injury to Brow-der caused pain in the area of the neck and back resulting in his inability to work for a period of approximately three months. Browder was seen by a Dr. Perry on 24 occasions between January 14, 1967, and April 27, 1967, and further underwent physiotherapy treatments on 30 occasions between January 18, 1967, and December 14, 1967.
Continued pain necessitated that Brow-der be treated on 10 occasions by Dr. Walter H. Brent, Jr., between January, 1968, and November, 1968. His complaints at that time were of pain radiating in the neck. Pain relievers and muscle relaxers were prescribed.
Approximately two years subsequent to the date of the accident, Browder was examined by Dr. Ernest Celli whose finding was that the plaintiff was suffering from *357 chronic cervical muscle strain. Dr. Celli saw Browder on 8 occasions. He found no neurological symptoms nor muscle spasms, but only subjective findings of pain. The record further reflects that plaintiff incurred a hospital bill in the amount of $179.75.
While I am of the opinion that the amount of special damages awarded by the trial court is proper, including the hospital bill, I am of the opinion that the amount of the award for general damages for the injury, pain, and suffering by Browder is totally inadequate. Accordingly, I respectfully dissent with that part of the majority opinion relating to the award for general damages to Theodore Browder.